IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Plaintiff,

v.

45 POQUITO ROAD, SHALIMAR, OKALOOSA COUNTY, FLORIDA, REAL PROPERTY WITH BUILDINGS, APPURTENANCES, AND IMPROVEMENTS,

AND

14 WARWICK DRIVE, SHALIMAR, OKALOOSA COUNTY, FLORIDA, REAL PROPERTY WITH BUILDINGS, APPURTENANCES, AND IMPROVEMENTS, *IN REM*,

Defendants.

CV 04-326-MA

OPINION AND ORDER

KARIN J. IMMERGUT
United States Attorney
District of Oregon
LESLIE WESTPHAL
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

Attorneys for Plaintiff

MARUSHA WOWDIA
45 Poquito Road
Shalimar, Florida 32579

Pro Se

MARSH, Judge:

The matter before the court is plaintiff, United States of America's (the government) motion for summary judgment (Doc. #49) against defendants, *in rem*, real property with buildings, appurtenances and improvements, commonly known as 45 Poquito Road, Shalimar, Okaloosa County, Florida, and 44 Warwick Drive, Shalimar, Okaloosa County, Florida. Claimant, Marusha Wowdia (Wowdia) did not file a response to the government's motion for summary judgment. Instead, on July 10, 2006, Wowdia filed a motion to stay (Doc. # 53), and a motion for extension of time (Doc. # 55).

For the reasons set forth below, the government's motion for summary judgment is GRANTED.

SUMMARY JUDGMENT IN CIVIL FORFEITURE

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). The substantive law governing a claim or defense

determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). A "material fact" is one that is relevant to an element or a claim or defense, whose existence might affect the outcome of the case. Id.

Although the court must view the evidence and inferences therefrom in the light most favorable to the non-moving party, summary judgment procedures under Rule 56, Fed. R. Civ. P., must necessarily be construed in the light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein. United States v. One 56-Foot Motor Yacht Named Tahuna, 702 F.2d 1276, 1281 (9th Cir. 1983)(internal quotations and citations omitted).

In this case, the government carries the initial burden of establishing the absence of a material issue of fact for trial, and that a preponderance of the evidence supports forfeiture. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); 18 U.S.C. § 983©)(1). Once the government meets this burden, the burden of proof shifts to the claimant to show she is an innocent owner by a preponderance of the evidence, or show that a preponderance of the evidence supports another valid defense to forfeiture. 18 U.S.C. § 983(d)(1); see also United States v. 3814 N.W. Thurman St., 164 F.3d 1191, 1195 (1999).

Hearsay is generally not admissible in a motion for summary

judgment under Rule 56. However, in an action for civil forfeiture the government may meet its burden of proof by presenting hearsay evidence which would normally be inadmissible if the evidence is legally sufficient and reliable in light of the "aggregate of the facts." U.S. v. One Parcel of Real Property Commonly Known as 901 N.E. Lakewood, 780 F.Supp. 715 (D.Or. 1991)(quoting United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1434 (9th Cir. 1985)); see also United States v. One 56-Foot Yacht Named Tahuna, 702 F.2d 1276, 1284 (9th Cir. 1983)(court may consider factors such as the source of the evidence and whether it is consistent with other evidence). By contrast, all evidence relied upon by a party defending a forfeiture action must be admissible. United States v. $5,644,540 in United States Currency, 799 F.2d 1357, 1362 (9th Cir. 1986).

BACKGROUND

Because all material facts must be viewed in the light most favorable to the non-movant, this court will view the evidence in the light most favorable to Wowdia. A review of the parties' submissions, including the writ of entry, affidavits, declarations, exhibits and memoranda, reveals the following material facts.

Pacific Achievements International (PAI) was a company run by Frank Hendricks (Hendricks) and Scott Guenther (Guenther),

defendants in United States v. Frank Hendricks, et al., CR 05-60051-HO. Hendricks and Guenther have admitted to committing fraud on investors by promising big paybacks on initial investments. See Doc. # 1, Ex. A. Investors from several states, including Oregon, were duped into wiring approximately $11 million to PAI, Hendricks and Guenther, or accounts they controlled, by false promises of significant financial gain within a short period of time. In fact, PAI never engaged in any income-producing business and had no plan to effectuate its promises to investors. Instead, Hendricks and Guenther used funds acquired from investors to return a small portion to initial investors, unsuccessfully invest in a separate high-yield investment scam, and purchase real property, including the defendant properties, for their personal use, without investors' permission.

The government's affidavits and pleadings support the allegation that Hendricks used investors' money that had been deposited at Bank of America in Fort Walton Beach, Florida, to purchase defendant properties, commonly known as 45 Poquito Road and 14 Warwick Drive, Shalimar, Florida. Id. Hendricks admitted that he purchased 45 Poquito Road for claimant Wowdia, and placed the title in her name. Hendricks stated that he purchased 14 Warwick Drive in the name of Wowdia's holding company, Excaliber, and that Wowdia allows her daughter, Lisa Randazzo, to live

there.

Hendricks engaged in numerous financial transactions withdrawing funds and obtaining cashier's or bank checks, in order to launder investors' money so he could use it to purchase defendant properties. These transactions violated 18 U.S.C. § 1956 in that they were financial transactions involving proceeds of specified unlawful activity (wire fraud) undertaken with the intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the fraud. The purchases also violated 18 U.S.C. § 1957 because the transactions involved criminally-derived property in excess of $10,000, and proceeds of a specified unlawful activity (wire fraud).

On March 5, 2004, the government filed a complaint seeking to forfeit defendant real property. This court issued a Writ of Entry on March 23, 2004, which was executed on May 7, 2004.

On June 7, 2004, Wowdia filed a motion for extension of time to file her statement of interest and answer. On June 9, 2004, this court granted Wowdia a 14 day extension. On June 24, 2004, Wowdia filed a motion to stay the forfeiture proceedings, which this court denied, on June 24, 2004, for failure to comply with Rule 7.1(a). On July 6, 2004, Wowdia filed a Claim to Property, and on July 26, 2004, she filed an Answer to the Complaint, in which she denied that defendant properties were acquired with proceeds of wire fraud, that she had any knowledge of wire fraud

or money laundering. Wowdia also asserted several affirmative defenses, discussed below.

On October 13, 2004, the government mailed interrogatories and a request for production of documents to James Rice, attorney of record for Wowdia. The government avers that to this date Wowdia has not answered either.

On February 22, 2005, James Rice filed a motion to withdraw as counsel for Wowdia, which this court granted on February 23, 2005.

On March 16, 2005, Karolyn March filed a notice of appearance as counsel for Wowdia, along with a motion for a 45-day extension of time, which this court granted.

On July 11, 2005, Wowdia filed another motion for a 30-day extension of time, which this court granted.

On August 12, 2005, Wowdia filed another motion for a 30-day extension of time, which this court granted.

On September 14, 2005, Wowdia filed another motion for a 15-day extension of time, which this court granted.

On September 29, 2005, Wowdia filed another motion for a 21-day extension of time, which this court granted.

On October 21, 2005, Wowdia filed another motion for a 14-day extension of time, which this court granted.

On November 30, 2005, Karolyn March filed a motion to withdraw as counsel for Wowdia, which this court granted on

December 2, 2005. This court ordered Wowdia to file an appearance with or without counsel by January 6, 2006. Wowdia did not comply with that order.

DISCUSSION

**I. Wowdia's Motions**

Wowdia's motions are denied for failure to comply with Local Rule 7.1(a), and for the following reasons.

**A. Motion for Extension of Time**

This is Wowdia's eighth request for an extension of time. In my order dated October 27, 2005, after granting Wowdia seven extensions, I clearly stated that Wowdia would be granted no more extensions of time (Doc. # 45).

First, Wowdia contends an extension is merited so she may obtain counsel to replace Karolyn March, who withdrew seven months ago. At that time Wowdia was ordered to enter an appearance on her own behalf or with counsel by January 6, 2006. Wowdia failed to comply with that order, and has offered no explanation for this failure. She has had seven months to find a replacement attorney, and yet she has offered no evidence of any efforts to do so. Notwithstanding her alleged periods of infirmity, Wowdia has had sufficient time since December 2, 2005 to hire a new attorney.

Second, there is no merit to Wowdia's contention that an

extension is needed for the resolution of bankruptcy proceedings.

Finally, Wowdia claims additional time is needed to pursue the possibility of reaching a settlement agreement with the government. Yet, as the government points out, claimant has rejected four settlement offers proposed to her through her then-counsel, between August 15, 2005 and November 21, 2005. Further, the government claims it is unaware of any settlement offer purportedly made by Wowdia in June 2006, through the Alternative Finance Company.

Accordingly, Wowdia's motion for extension of time (Doc. # 55) is DENIED.

**B. Motion to Stay**

In Wowdia's motion to stay (Doc. # 53) she alleges that these proceedings are automatically stayed based on her petition for bankruptcy allegedly filed on December 22, 2005, in the United States Bankruptcy Court for the Northern District of Florida, Pensacola Division. She cites no law in support of this contention.

Generally, property in a bankruptcy petitioner's estate is protected against actions of prepetition claimants by automatic stay. 11 U.S.C.A. § 362(a). The Ninth Circuit applies the “pecuniary purpose” and the “public policy” tests in determining whether the automatic stay applies in a particular case, or whether the stay is inoperative based on the government's

exercise of its "police and regulatory powers" as described in 11 U.S.C. § 362(b)(4). See Universal Life Church, Inc. v. United States, 128 F.3d 1294, 1297 (9th Cir. 1997)(Internal Revenue Service's revocation of debtor's charitable tax status was within section 362(b)(4)); Berg v. Good Samaritan Hosp., 230 F.3d 1165 (9th Cir. 2000)(sanctions award for debtor's frivolous conduct in litigation was covered by section 362(b)(4)); see also Massachusetts v. First Alliance Mortgage Co., 263 B.R. 99, 105-07 (9th Cir. BAP 2001)(applying same “pecuniary purpose” and “public policy” tests applied in Universal). Satisfaction of either test will suffice to render the stay inoperative.

In this case, defendant properties are alleged to have been purchased with proceeds of wire fraud in violation of 18 U.S.C. § 1343, and vis-a-vis transactions involving money laundering, in violation of 18 U.S.C. § 1956, and criminally-derived property in excess of $10,000 in violation of 18 U.S.C. § 1957. The government's primary motive in this forfeiture action is to punish Hendricks, and enforce a public policy meant to deter all those who might be tempted to engage in similar transactions. See generally, Pub.L. No. 99-570, tit. I, §§ 1351-1352, 100 Stat. 3207-3218; see also 1986 U.S.C.C.A.N. 5393 (legislative history). Therefore, the government's actions satisfy the "pecuniary purpose" and "public policy" tests. Cf. In re Chapman, 264 B.R. 565 (BAP 9th 2001). Even though the government ultimately might

obtain a pecuniary benefit if successful in this action, that does not change the primary purpose behind 18 U.S.C. § 981, which is to punish and deter offenders rather than to compensate and reward the government for pursuing the defendant property.

Accordingly, I find that the automatic stay provisions of the bankruptcy code do not apply in this case. Therefore, Wowdia's motion to stay (Doc. #52) is DENIED.

**II. Motion for Summary Judgment**

Based on the undisputed facts, above, I find the government has met its burden of proving, by a preponderance of the evidence, that defendant property should be forfeited pursuant to 18 U.S.C. § 981(a)(1).

Though Wowdia denies these allegations, she has submitted no contravening evidence tending to show a genuine issue of material fact as to whether defendant properties were purchased with the proceeds of wire fraud.

Notably, Wowdia has not complied with the government's discovery requests for income and tax statements that might suggest an alternative, legal source of income with which defendant properties could have been purchased. Nevertheless, in her answer to the complaint Wowdia contends she is an innocent owner. She also asserts several affirmative defenses.

**A. Innocent Owner**

One way for Wowdia to defeat forfeiture of the defendant properties is to show, by a preponderance of the evidence, that she is an innocent owner, as defined by 18 U.S.C. § 983(d)(1). An innocent owner is an owner who (I) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.[1] Id.

The government argues that in order to prove she is an innocent owner Wowdia would first have to show she is an "owner," which she can't do because Hendricks admitted the funds to purchase defendant properties came from investors, and that he placed the title to defendant properties in Wowdia's name and the name of her holding company. Thus, according to the government, Wowdia is nothing more than a "nominee."

Yet, even assuming, without deciding, that Wowdia is an "owner," within the meaning of the statute, Wowdia has not shown

---

[1] Ways in which a person may show that such person did all that reasonably could be expected may include demonstrating that such person, to the extent permitted by law (I) gave timely notice to an appropriate law enforcement agency of information that led the person to know the conduct giving rise to a forfeiture would occur or has occurred; and (ii) in a timely fashion revoked or made a good faith attempt to revoke permission for those engaging in such conduct to use the property or took reasonable actions in consultation with a law enforcement agency to discourage or prevent the illegal use of the property. 18 U.S.C. 983(d)(2)(B).

that she had no knowledge of the conduct giving rise to the forfeiture, as she claims. To the contrary, according to the affidavit of Special Agent Joseph Boyer, supporting the government's complaint, many of the illegal activities of PAI were taking place at Wowdia's residence at 45 Poquito Road, where Wowdia was already living under a lease at the time Hendricks used investors' funds to purchase that property. Doc. # 1, Ex. A. Further, employees of PAI told Agent Boyer that they witnessed Wowdia call Guenther and ask him to send money for the purchase of 45 Poquito Road because she was going to be evicted. Id.

This evidence suggests a high probability that Wowdia did know about PAI's fraudulent business, and she knew that the defendant property was acquired with PAI investors' monies. See U.S. v. One 1988 Checolet 410 Turbo Prop Aircraft, Dominican Republic Registration Tail Number H1698CT, S.D.Fla.2003, 282 F. Supp. 2d 1379 (knowledge may be proven by inference from circumstantial evidence suggesting a high probability of a property owner's involvement in alleged illegal activity). In any event, Wowdia has presented no evidence to support a contrary inference, let alone a preponderance finding. According, I reject Wowdia's contention that she is an innocent owner.

**B. Affirmative Defenses**

Wowdia asserts, without argument, that venue is improper in

the District of Oregon. For the reasons stated in the government's memorandum in support of summary judgment (Doc. # 50 at 11-12), I find venue is proper in the District of Oregon.

Wowdia asserts, without argument, that this court lacks jurisdiction over defendant property. For the reasons stated in the government's memorandum in support of summary judgment (Doc. # 50 at 12), I find this court does have *in rem* jurisdiction over defendant property.

Wowdia asserts, without argument, that this court is a *forum non conveniens*, though she does not state which forum would be more convenient. Nevertheless, denial of such a motion is proper when transfer would be convenient only for the party seeking it. See United States v. One Oil Painting, 362 F. Supp. 2d 1175, 1185-86 (C.D. Cal. 2005). Accordingly, I find this court is not a *forum non conveniens*.

Wowdia claims this court lacks personal jurisdiction over her as she has had no contact with the state of Oregon. This is an *in rem* proceeding, which does not depend on *in personam* jurisdiction over a non-resident claimant. Accordingly, I find no merit to this claim.

Finally, Wowdia asserts insufficiency of service of process. For the reasons stated in the government's memorandum in support of summary judgment (Doc. # 50 at 13-14), I disagree with Wowdia.

## CONCLUSION

For the reasons stated above, the government's motion for summary judgment (Doc. # 49) is GRANTED. Wowdia's motion for extension of time (Doc. # 55) is DENIED. Wowdia's motion to stay (Doc. #52) is DENIED. The Government shall submit a form of judgment.

IT IS SO ORDERED.

DATED this _2_ day of August, 2006.

_/s/ Malcolm F. Marsh_______
Malcolm F. Marsh
United States District Judge